CHARLES McC. REEVE and Others, Appellants, *v.* THE CHASE NATIONAL BANK OF THE CITY OF NEW YORK, Respondent, Impleaded with REEVE SCHLEY, JR., and Another, Defendants.

First Department, May 15, 1936.

*Catesby L. Jones,* for the appellants.

*Thomas A. Ryan* of counsel [*Edward D. Gasson* with him on the brief; *Milbank, Tweed, Hope & Webb,* attorneys], for the respondent.

McAvoy, J. The plaintiff Reeve created a trust by an indenture made by him with The Chase National Bank of the City of New York on October 22, 1925. In this agreement it is provided that the income from the trust shall be paid to the grantor for life and after his death to his wife, with the remainder over upon the death of the survivor to certain named nephews and nieces of the grantor. The agreement conferred no powers of investment on the trustee except those contained in article 4, wherein the grantor reserved the right to direct the trustee to sell or exchange part or all of the property held by the trustee and to invest and reinvest the proceeds in securities selected by the grantor. This article provided also that the trustee should be justified in acting on any written direction of the grantor and should in no event be responsible for the making or exchange of any investment made in pursuance of any such written direction. The grantor also reserved the right in article 3 of the agreement to grant additional powers to the trustee.

Prior to July 22, 1929, the grantor directed The Chase National Bank of the City of New York to purchase from The Chase Securities Corporation, out of the proceeds of the sale of certain stock, $29,000 face amount of Lincoln Forty-second Street Corporation twenty-year six and one-half per cent sinking fund debentures. The said plaintiff alleges that he gave this direction to the trustee because the purchase of the securities had been recommended to him by the trustee. The plaintiff also alleges that he had no knowledge

of the securities himself and believed that the trustee would not recommend the purchase of securities from its alleged affiliate unless it were a suitable investment for the trust of which it was trustee. The Lincoln building bonds so purchased are alleged by the plaintiffs not to be suitable for the trust on the ground that they were of a highly speculative character inasmuch as they were secured only by a second mortgage on a building not fully completed or open to occupancy.

The plaintiffs also allege that at the time the Lincoln building bonds were purchased by the trustee at the direction of the grantor, The Chase Securities Corporation held a large block of these securities; that The Chase National Bank of the City of New York was the trustee of the mortgage securing these bonds; that it acted for its own benefit and failed to give the grantor the benefit of its knowledge concerning the said securities. The plaintiffs ask that the purchase of the Lincoln building bonds be canceled and that the defendant trustee be required to restore the amount expended in the purchase thereof with interest from the date of the purchase on condition that upon making such restoration the trustee should be entitled to the bonds and to any income thereon from the date of purchase.

The defendant moved at Special Term to dismiss the complaint upon the ground that it does not state facts sufficient to constitute a cause of action since it alleges no duty violated or a neglect thereof owed to grantor.

By the provisions of the trust agreement the grantor reserved complete control over the exercise by the trustee of the power to sell, purchase or exchange securities held in the trust.

The trustee was to have no discretion, nor was it to exercise any judgment. It was, in effect, a mere custodian. It acted in pursuance of the terms of the trust agreement when it purchased the Lincoln building bonds from its alleged affiliate at the direction of the grantor, who had full knowledge as to the ownership of the bonds.

We think that recommendation by the trustee of the bonds to a grantor who has full power of inquiry and judgment as to values, without any representation that such securities were other than actually was the fact, would not authorize a rescission and cancellation of the sale and give ground for an action to recover the sum paid therefor. The pleader must allege some dereliction in the defendant trustee's conduct by misstatement or concealment which led the grantor to the purchase resulting in the detriment.

The order should be affirmed, with twenty dollars costs and disbursements, with leave to the plaintiffs to serve an amended complaint within twenty days after service of order, upon payment of said costs and the ten dollars costs of motion awarded at Special Term.

MARTIN, P. J., O'MALLEY, GLENNON and COHN, JJ., concur.

Order unanimously affirmed, with twenty dollars costs and disbursements, with leave to the appellants to serve an amended complaint within twenty days after service of order upon payment of said costs and the ten dollars costs of motion awarded at Special Term.